JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| CANDIDA DELMORAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| THE CITY OF NEW YORK, HAILOON WANG, | ) |
| RANDY ROSE, PAUL GAGLIO, | ) |
| and JOHN and JANE DOES, | ) |
| | ) |
| Defendants. | ) |

----------------------------------------------------------X

11 CIV 7950

COMPLAINT

**JURY TRIAL DEMANDED**

**ECF Case**

RECEIVED NOV 07 2011 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendants'

violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the

United States Constitution, including its Fourth and Fourteenth Amendments.  The plaintiff

seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of

costs and attorneys' fees, and such other and further relief as this court deems equitable and

just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4),

this being an action seeking redress for the violation of the plaintiff's constitutional and civil

rights.

## JURY TRIAL DEMANDED

3.    Plaintiff demands a trial by jury on each and every one of the claims pleaded

herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5.      Plaintiff CANDIDA DELMORAL is a resident of the City and State of New York.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7.      Defendants WANG, ROSE, GAGLIO, and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  The aforenamed

defendants are sued in their individual capacities.

## STATEMENT OF RELEVANT FACTS

8.      On April 18, 2009, at or about 4:27 a.m., plaintiff DELMORAL was on the

sidewalk in the vicinity of 160 East 103rd Street, New York, New York.  Plaintiff had just left a

family gathering with other family members.

9.      Suddenly and without warning, plaintiff was assaulted by defendants WANG,

ROSE, GAGLIO, and DOES, thrown to the ground, against a wall, and against a parked

automobile.

10.      Plaintiff was then placed in handcuffs, arrested, and charged with Assault in the

Third Degree.  All charges were subsequently dismissed.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

11.      The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

12.      By their conduct and actions in falsely arresting plaintiff DELMORAL, by

fabricating evidence against plaintiff, by using excessive force against plaintiff, and by failing to

intercede to prevent the complained of conduct, defendants WANG, ROSE, GAGLIO, and

DOES, acting under color of law and without lawful justification, intentionally, and/or with a

deliberate indifference to or a reckless disregard for the natural and probable consequences of

their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed

under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth

Amendments.

13.     As a result of the foregoing, plaintiff was deprived of liberty, suffered serious

physical injuries, emotional distress, humiliation, costs and expenses, and was otherwise

damaged and injured.

**SECOND CLAIM**

**LIABILITY OF THE CITY OF NEW YORK
FOR CONSTITUTIONAL VIOLATIONS**

14.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

15.     At all times material to this complaint, defendant THE CITY OF NEW YORK

had de facto policies, practices, customs and usages which were a direct and proximate cause of

the unconstitutional conduct alleged herein.

16.     At all times material to this complaint, defendant THE CITY OF NEW YORK

failed to properly train, screen, supervise, or discipline employees and police officers, and

failed to inform the individual defendants' supervisors of their need to train, screen, supervise

or discipline defendants WANG, ROSE, GAGLIO, and DOES.

17.     The policies, practices, customs, and usages, and the failure to properly train,

screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional

conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights

as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth

and Fourteenth Amendments.

18.     As a result of the foregoing, plaintiff was deprived of liberty, suffered serious

physical injuries, emotional distress, humiliation, costs and expenses, and was otherwise

damaged and injured.

      **WHEREFORE**, plaintiff demands the following relief jointly and severally against all

of the defendants:

          a. Compensatory damages;

          b. Punitive damages;

          c. The convening and empaneling of a jury to consider the merits of the claims

herein;

          d. Pre- and post-judgment costs, interest and attorney's fees;

          e. Such other and further relief as this court may deem appropriate and

equitable.

Dated:       New York, New York
             October 19, 2011

                                         MICHAEL L. SPIEGEL, Esq.
                                         111 Broadway, Suite 1305
                                       New York, New York 10006
                                       (212) 587-8558
                                       *Attorney for Plaintiff*